## DUBOIS v. POLICE JURY OF GRANT PARISH.*
### No. 5215.

Court of Appeal of Louisiana. Second Circuit.
Feb. 5, 1936.

*Rehearing denied March 2, 1936.

Joel L. Fletcher, of Colfax, for appellant.

Harry Fuller, of Winnfield, for appellee.

HAMITER, Judge.

Mrs. Dora Dubois brings this suit against the police jury of Grant parish to recover damages alleged to have been sustained in the construction of a public road across lands claimed by her as owner and usufructuary and located in ward 6 of Grant parish.

Plaintiff alleges that she is the surviving widow in community of Oscar Dubois, who died intestate during the year 1913, and that certain named children were the sole issues of their marriage; that the one-half interest of her husband in the property of the community was inherited by such children, and that she owns in her own right the remaining one-half thereof; that under the law she has and is entitled to the usufruct of the children's interest therein; and that the real estate of the community consists of 160 acres of land described as the south half (S. ½) of the southeast quarter (S. E. ¼) of section 30 township 8 north, range 3 west, and the east half (E. ½) of the northeast quarter (N. E. ¼) of section 25, township 8 north, range 4 west, Louisiana meridian. She further alleges that the police jury of Grant parish caused said land to be surveyed and valuable timber to be removed therefrom, and is now constructing and building a public road across it; that the taking of such land and the cutting of timber has resulted in damage to her.

Defendant denies all of plaintiff's allegations, except it admits that a public road had been laid out and constructed across a small portion of said lands, and avers that the road was built in accordance with a petition of the citizens of the ward in which the land lies.

In the trial court, plaintiff was granted judgment for the sum of $12.50 for right of way and damages to land described in section 30, township 8 north, range 3 west, and her claim for right of way and damages to that in section 25, township 8 north, range 4 west, was nonsuited. Defendant was condemned to pay all costs, except one-fourth of the cost of taking testimony on the demand nonsuited. Plaintiff has appealed from such judgment.

The evidence shows that Mrs. Dora Dubois was married many years ago to one Oscar Dubois; that her said husband died about the year 1913, leaving six children as issues of such marriage, all of whom are now of age; that whatever real property plaintiff and her children presently own was acquired during said marriage and was a part of the community of acquêts and gains which existed between said wife and husband; and that Mrs. Dora Dubois remarried several years ago.

Counsel for defendant contends, and the trial judge has correctly held, that plaintiff is not entitled to recover as usufructuary, because of her remarriage, and that, if she is entitled to damages at all she can only recover for one-half of the value of the timber removed and land taken. The remarriage of Mrs. Dubois effected a forfeiture of her usufructuary rights, and the children, who are not parties to this suit, are the owners of their deceased father's interest in its entirety.

"In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a usufruct, during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. *This usufruct shall cease, however, whenever the survivor shall enter into a second marriage.*" (Italics ours.) Article 916, Revised Civil Code.

Although plaintiff's petition avers that she is the owner of lands in section 25, township 8 north, range 4 west, and that she claims damages because of the building of the road thereon, and the evidence shows that such public improvement is being constructed across a small edge of such tract, the record is barren of any proof that plaintiff has an interest therein. With reference to this, the trial judge comments, in his written opinion, as follows:

"The plaintiff made judicial allegation that she owned land in Section Twenty-five (25), Township Eight (8) North, Range Four (4) West, which her husband purchased from Calhoun. On the trial of this case the plaintiff offered a deed in record which showed that her husband purchased Eighty acres of land from Calhoun in Section Twenty-six (26), Township Eight (8) North, Range Four (4) West, and not in Twenty-five (25). The court offered the

attorney for plaintiff an opportunity to amend his petition to show that the land that he claimed was in Twenty-six (26) instead of Twenty-five (25). The attorney for plaintiff refused this opportunity and the case was proceeded with. From the evidence in the case, there is nothing in the record to show that plaintiff owns any right or interest in Section Twenty-five (25) across the edge of which the road is being constructed.

"Before plaintiff is entitled to recover for any damage done to her land in Twenty-five (25) or Twenty-six (26), as the case must be, she must show some form of title in herself. The deed offered by plaintiff shows the land that she purchased from Calhoun is in Section Twenty-six (26) and not in Section Twenty-five (25). While the evidence shows that the road is being constructed across a small edge of a forty acres in Section Twenty-five, the plaintiff has failed to show any interest, either by prescription or by deed, to the land in Section Twenty-five (25), and since the defendant denied that plaintiff owned this land and put her on strict proof, the plaintiff cannot recover for any damages.

"We do not know from the evidence whether plaintiff owns any land in Twenty-five (25), and to protect any rights for land taken or damage done, we think that a judgment of nonsuit should be rendered on this point of the suit."

We agree with such ruling of the trial judge.

The lands in section 25 being eliminated from this proceeding by virtue of the above-mentioned nonsuit, the only remaining land alleged on in the petition, and on which a claim for damages is based, is the south half of the southeast quarter of section 30, township 8 north, range 3 west. Plaintiff established her ownership to an undivided one-half interest in this tract by offering and filing in evidence a patent from the United States Government to and in favor of her deceased husband, Oscar Dubois.

From the documentary evidence found in the record, it is apparent that the public improvement in question was being built pursuant to the provisions of section 3369 of the Revised Statutes of Louisiana, the pertinent portions of which are as follows:

"All roads to be hereafter opened and made, shall be laid out by a jury of freeholders, consisting of not less than six inhabitants of the parish where the said road is to be made, to be appointed for that purpose by the police jury; it shall be the duty of the said jury of freeholders to trace and lay out such road to the greatest advantage of the inhabitants, and as little as may be to the prejudice of inclosures, and assess such damages as any person may sustain. * * *

"All damages assessed by the said jury to any individual through whose land the road may run shall be deemed a parish charge, and be paid by the treasurer of said parish."

On the petition of citizens of ward 6 of Grant parish the police jury established a body of freeholders who surveyed and laid out the road, and provided for its construction across an edge of one forty of plaintiff's land in said section 30. The parish treasurer did not pay plaintiff for her interest in the land so taken and for the timber cut therefrom, and, accordingly, she is entitled to recover the value of such interest.

The preponderance of the evidence is to the effect, and the trial judge, who is familiar with the property involved herein, found, that the amount of land taken was two acres having a maximum value of $10 per acre, or a total of $20, and that the amount of timber cut did not exceed 1,000 feet, of the value of $5. This gives a total value to the land taken and timber removed of $25, and plaintiff's half interest therein is $12.50. We see no error in this finding of fact, and, therefore, plaintiff should have judgment for such amount.

■ The judgment of the lower court condemned defendant to pay all costs, except one-fourth of the cost of taking testimony on the demand nonsuited. We believe that there is error in this part of the judgment. The defendant should be condemned to pay all costs of such district court, for the reason that plaintiff's demand has been allowed in part.

"Part of plaintiff's demand having been allowed, defendant owes the costs in the district court. Act No. 229 of 1910." Clement v. Louisiana Irrigation & Mill Co., 129 La. 825, 56 So. 902, 904.

For the reasons stated, it is ordered, adjudged, and decreed that the judgment be amended by condemning the defendant to pay all costs of the proceedings in the district court. In all other respects the judgment appealed from is affirmed; defendant and appellee to pay costs of the appeal.